United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Luis Noboa, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-23952-Civ-Scola |
| | ) |
| Luis Miguel Castillo and others, | ) |
| Defendants. | ) |

### Order Granting in Part Motion to Dismiss

This matter is before the Court on the motion to dismiss presented by Defendants Central America Bottling Corporation ("CBC"), Tesalia Springs Company, S.A. ("Tesalia"), CBC Peruana S.A.C. ("CBC Peru"), and Luis Miguel Castillo. (ECF No. 23.) For the reasons below, the Court **grants** the motion as to Defendants Tesalia and CBC Peru but **denies** the motion as to Defendants CBC and Luis Miguel Castillo.

1. **Background**

This case begins in 2017 when Defendant Luis Miguel Castillo reached out to Plaintiff Luis Noboa—then a Babson College board member—to discuss his son's application to Babson. (Comp. ¶¶ 31-32, ECF No. 1-2.)

At the time, both men were involved in the beverage industry. Mr. Noboa was pursuing a project to expand Diageo PLC's activities ("Diageo") in Ecuador with the president of its Latin America division. (*Id.* ¶¶ 18-21, 30.) In parallel, Mr. Castillo was CBC's President and Chairman and a director of CBC Peru. (*Id.* ¶ 26.) By way of reference, Diageo owns over 200 liquor brands globally including Johnnie Walker, Captain Morgan, and Baileys. (*Id.* ¶¶ 14-15.) In turn, CBC is a multinational bottling/distribution company that works with the likes of PepsiCo in dozens of Latin American countries. (*Id.* ¶ 22.) It owns Defendants CBC Peru and Tesalia, which operates in Ecuador. (*Id.* ¶¶ 23, 73.)

Naturally, the pair's Babson talks gave way to business. At a meeting on November 9, 2017, Mr. Noboa says he and Mr. Castillo—on behalf of CBC— orally agreed to a 50-50 joint venture to expand Diageo's products in Ecuador. (*Id.* ¶ 36.) Under the venture, "Mr. Noboa would supply his labor, experience, and skills, as well as utilize his contacts at Diageo [Latin America], to secure the rights to purchase, market, sell, and distribute Diageo Products." (*Id.* ¶ 37.) In exchange, CBC would use its "capital, infrastructure, and capabilities to sell and distribute the Diageo Products in Ecuador." (*Id.* ¶ 38.)

Soon after, Diageo expressed to Mr. Noboa its interest in expanding into Peru and Colombia as well. (Compl. ¶ 42.) As such, in January 2018, Mr. Noboa says he and Mr. Castillo—again on behalf of CBC—agreed to expand the joint venture's scope to all Latin American markets where CBC had a presence, including Peru. (*Id.* ¶ 44.) This, Mr. Noboa says, was the genesis of the "LatAm JV." With it in place, Mr. Noboa "engaged in frequent negotiations in Miami, Florida with Diageo regarding the Latin American market . . . [and] held weekly video conference calls with different Diageo LAC executives in Latin America and CBC executives in 2018." (*Id.* ¶ 45.)

In March 2018, Mr. Noboa facilitated a meeting in Miami with Diageo and Mr. Castillo where he says Mr. Castillo "confirmed the existence and scope of the LatAm JV and tried to speed up the possible rights to sell spirits in Ecuador." (*Id.* ¶ 48.) The discussions also included talks about Peru and other markets where CBC operated. (*Id.*) In April 2018, Diageo's affiliate in Peru signed a distribution agreement with CBC Peru. (*Id.* ¶ 60.) Diageo also signed a distribution with Tesalia in Ecuador. (*Id.* ¶ 75.)

When Mr. Noboa went to collect payment on the Peru distribution agreement, Mr. Castillo turned him down and said that he would be procuring the dissolution of "what had been done with Mr. Noboa." (*Id.* ¶ 85.) As a result, Mr. Noboa now sues Tesalia and CBC Peru for unjust enrichment (Counts III and IV, respectively). He also sues CBC for breach of duty (Count I), a dissolution and accounting of the joint venture (Count II), fraud (Count V—also alleged against Mr. Castillo), and negligent misrepresentation (Count VI).

**2. Discussion**

The Defendants move to dismiss Mr. Noboa's claims under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). They argue that: (1) the Court lacks personal jurisdiction over Counts III and IV against CBC Peru and Tesalia, (2) the remaining counts are barred by the statute of frauds, and (3) Counts V and VI are not supported by sufficient allegations of knowledge and intent.

**A. Personal jurisdiction under 12(b)(2)**

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1274 (11th Cir. 2009). "A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the

United States Constitution." *United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1274 (11th Cir. 2009).

Mr. Noboa says the Court has specific personal jurisdiction over CBC Peru and Tesalia, two foreign corporations, pursuant to the following portions of Florida's long-arm statute:

> (1)(a)   A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
> 1.   Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> 2.   Committing a tortious act within this state.
> [ . . . ]
> 7.   Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

Fla. Stat. §§ 48.193(1)(a)1, 2, 7. However, Mr. Noboa does not sufficiently establish CBC Peru's and Tesalia's contacts with Florida.

Mr. Noboa submits no affidavits or other evidence to substantiate his arguments concerning personal jurisdiction. He instead relies on his allegations in the complaint. (*See* Opp. 14-16, ECF No. 26.) By those allegations, CBC Peru's and Tesalia's purported contacts with Florida boil down to the Miami-based communications Mr. Noboa says he facilitated with Mr. Castillos and Oscar Arroyo, CBC's general counsel. (*See, e.g.,* Compl. ¶ 48; Opp. 16.) To Mr. Noboa, Messrs. Castillo and Arroyo represented CBC, CBC Peru, and Tesalia in all discussions. (Compl. ¶¶ 28-29.) By his logic, CBC Peru and Tesalia were always "in the room" whenever Mr. Castillos and/or Mr. Arroyo were, and therefore, CBC's contacts with Florida were also CBC Peru's and Tesalia's.

But Mr. Noboa does not provide sufficient facts in his complaint to back this notion. For example, Mr. Noboa leaves unanswered the question of what role, if any, Messrs. Castillo and Arroyo had on Tesalia's board. And he pleads nothing concerning CBC's ownership stake in CBC Peru and/or Tesalia, or how CBC exercises control over them. The closest he comes is a conclusory assertion that "CBC operates via subsidiaries and/or related companies that it controls, including Tesalia and CBC Peru[,]" (*Id.* ¶ 23) which he pairs with the assertion that "CBC and its subsidiaries and/or affiliates have overlapping management and personnel." (*Id.* ¶ 24.) Mr. Noboa leaves the Court without more. Therefore, the Court does not have a sufficient factual basis to conclude that these two

agents of CBC must also be considered agents of CBC Peru and Tesalia as Mr. Noboa suggests. Indeed, CBC Peru and Tesalia challenge that very assertion in their briefing on the motion to dismiss. (Reply 10, ECF No. 29.)

Absent a substantiated connection between either Defendant and Florida, Mr. Noboa fails to make a prima facie case of personal jurisdiction over CBC Peru and Tesalia. *Cf. Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("the plaintiff cannot be the only link between the defendant[s] and the forum."); *Lopatine v. Finlink, Inc.*, No. 21-20987-CIV, 2021 WL 3129933, at *4 (S.D. Fla. July 23, 2021) (Scola, J.) ("For a defendant to have the minimum contacts necessary to create specific jurisdiction, the defendant must have a sufficient relationship with the forum State. This relationship must arise out of contacts that the defendant *himself* creates with the forum State . . . The Due Process analysis, therefore, looks at a defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.") (cleaned up).

Accordingly, the Court dismisses Counts III and IV without prejudice. The Court grants Mr. Noboa two weeks from the date of this order to amend his complaint in respect of the jurisdictional matters concerning Counts III and IV.

### B. Sufficiency of claims under Rule 12(b)(6)

Pursuant to Rule 12(b)(6), the Defendants say Mr. Noboa fails to state claims for which relief can be granted because of: (1) the statute of frauds, and (2) his purported failure to plead fraud and negligent misrepresentation sufficiently.

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Under Federal Rule of Civil Procedure 8, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.*

### (1) *Statute of frauds*

"Under well-settled Florida law, the statute of frauds bars the enforcement of a[n] [unwritten] contract when the parties intended and contemplated that performance of the agreement would take longer than one year." *Dwight v. Tobin*, 947 F.2d 455, 459 (11th Cir. 1991); *see also* Fla. Stat. § 725.01. Thus, the joint venture's validity turns on the statute of frauds, and the concrete question before the court is whether the joint venture's full performance, as intended by the parties, would have been *impossible* in less than one year. *See OJ Commerce, LLC v. Ashley Furniture Industries, Inc.*, 359 F. Supp. 3d 1163, 1172 (S.D. Fla. 2018) (Altonaga, J.).

Problematically, though, the parties differ on what qualifies as full performance. While the Defendants assert that Mr. Noboa could not have "'obtain[ed], maintain[ed], and nurture[d]' the Diageo distribution contracts" in one year (Mot. 8 (quoting Compl. ¶ 39)), Mr. Noboa defends that his performance was to "obtain, maintain, and nurture the joint venture's relationship with Diageo." (Opp. 6 n.1 (quoting Compl. ¶ 39.)) Focusing on the *relationship* aspect, Mr. Noboa suggests his performance was intended to be "merely for purposes of obtaining those [distribution] rights . . . [and] that CBC would actually be the one to market, sell, and distribute the products." (*See* Opp. 6 n.1.)

The parties' divergence on what full performance was intended to consist of requires the Court to make factual findings that it is not equipped to make at this juncture. Indeed, "[c]ourts in this district have held that the intent of the parties is a factual inquiry which makes a determination of the applicability of the statute of frauds improper on a motion to dismiss." *Hughes v. Priderock Cap. Partners, LLC*, No. 18-80110-CIV, 2018 WL 3699348, at *2 (S.D. Fla. May 31, 2018) (Reinhart, Mag. J.) (collecting cases). To recall, neither party has submitted affidavits and the Court must construe all reasonable inferences in favor of Mr. Noboa at this stage. *Sundius v. DHB Indus., Inc.*, No. 07-61060-CIV, 2008 WL 11399641, at *5 (S.D. Fla. Jan. 9, 2008) (McAliley, Mag. J.).

As such, the question of whether the statute of frauds bars Mr. Noboa's suit is best left for a later stage of this litigation. The Defendants' motion as to the statute of frauds is denied.

### (2) *Sufficiency of allegations for fraud and negligent misrepresentation*

Next, the Defendants argue that Mr. Noboa's claims for fraud and negligent misrepresentation (Counts V and VI) fail because he does not adequately plead their knowledge and intent elements.

To state a claim for fraud against CBC and Mr. Castillo, Mr. Noboa must sufficiently plead four elements: (1) a false statement concerning a material fact,

(2) the representor's knowledge that the statement is false, (3) an intent to cause him to rely on that statement, and (4) an injury to himself. *Brown v. CitiMortgage, Inc.*, No. 14-24696-CIV-KING, 2015 WL 13776922, at *4 (S.D. Fla. Aug. 27, 2015) (Torres, Mag. J.).

To state a claim for negligent misrepresentation against CBC, Mr. Noboa must sufficiently plead: (1) the misrepresentation of a material fact that CBC believed to be true but which was in fact false, (2) that CBC should have known the representation was false, (3) that CBC intended to induce him to rely on the misrepresentation, and (4) an injury resulting to him after he justifiably relied on the misrepresentation. *E.g.*, *Specialty Marine & Indus. Supplies, Inc. v. Venus*, 66 So. 3d 306, 309 (Fla. 4th DCA 2011).

Where a cause of action sounds in fraud, the plaintiff must satisfy Federal Rule of Civil Procedure 9(b) in addition to the more relaxed standard of Rule 8. Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake," but "conditions of a person's mind," such as malice, intent, and knowledge, may be alleged generally. Fed. R. Civ. P. 9(b). To meet this standard, the complaint must identify the precise misrepresentations; the time and place of, and the persons responsible for, the alleged statements; the content and manner in which the statements misled the plaintiff; and what the defendant gained through the alleged fraud. *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 Fed. App'x 81, 86 (11th Cir. 2008). The Court finds that Mr. Noboa's allegations do so.

Again, the Defendants only dispute the sufficiency of the allegations of the knowledge and intent elements of Mr. Noboa's claims (*see* Mot. 16), which he need only plead generally. Although Mr. Noboa's conclusory allegations as to the Defendants' knowledge and intent (Compl. ¶¶ 137-38) do not alone suffice to meet that requirement, Mr. Noboa pleads facts to substantiate them. For example, Mr. Noboa says that at a specific meeting, "Mr. Castillo confirmed the existence and scope of the LatAm JV." (*Id.* ¶ 48.) He also says that "Mr. Castillo readily agreed that the joint venture included Latin American countries where CBC had operations and specifically Peru." (*Id.* ¶ 58.) Mr. Noboa further avers that once he successfully facilitated a distribution agreement between CBC and Diageo for Peru on the basis of Mr. Castillo's representations, Mr. Castillo decided to abandon the Peru project and refused to split any Peru-related profits with him. (*Id.* ¶ 85.)

Accepting these allegations as true and construing them in the light most favorable to Mr. Noboa, the Court finds that his allegations give rise to reasonable inferences of knowledge and intent that make his claims plausible. The Court also notes that it is the law of this Circuit that Rule 9(b)'s heightened pleading standard may be relaxed in instances such as these where the facts of

the alleged fraud are peculiarly within the Defendants' knowledge. *See Hill v. Morehouse Med. Assocs., Inc.*, No. 02-14429, 2003 WL 22019936, at *3 (11th Cir. Aug. 15, 2003).

Accordingly, the Court denies the Defendant's motion with respect to Counts V and VI.

### 3. Conclusion

For the foregoing reasons, the Court **partially grants** the Defendants' motion to dismiss. (ECF No. 23.) Counts III and IV are dismissed without prejudice. Mr. Noboa may file an amended complaint to address with the jurisdictional matters in respect of Counts III and IV discussed herein no later than July 1, 2022. All other counts remain operative.

**Done and ordered** in Miami, Florida, on June 17, 2022.

Robert N. Scola, Jr.
United States District Judge